The State *vs.* Whitworth.

THE STATE *vs.* WHITWORTH.

1. The act of fourteenth January, eighteen hundred and twenty-six, (Aik. Dig. 298,) is repealed by the act of eighth of January, eighteen hundred and thirty-six, (Aik. Dig. 2 ed. 624,) so far as the selection of grand jurors is provided for.

2. By the last mentioned act, it is made the duty of the clerk of the Circuit court, and of the sheriff, under the superintendance of the judge of the County court, to select from the whole number of persons qualified to serve on juries, twenty-four persons, best qualified in their opinion, to serve on the grand jury.

3. Therefore, a plea in abatement, framed with reference to the former act, and pleaded to an indictment, for exhibiting a gaming table, found since the passage of the latter, is bad on demurrer.

4. The act of eighteen hundred and twenty-eight, inhibiting gaming, covers the whole ground of the previous statutes, so far as the keeping, exhibiting, carrying on, or being in any manner interested in any gaming table or bank whatever, is concerned, and includes every offence connected with the subject matter.

The State *vs.* Whitworth.

5. And as it provides a different, and in some respects, a milder punishment for these offences, than the previous statutes ; it repeals them, so far as the same offences are provided to be punished by it.

6. A faro bank is within the words of the act of eighteen hundred and twenty-eight ; and the words " gaming table," and " played with cards," in an indictment for keeping a faro bank, may be regarded as surplusage.

7. The statute provides, that it shall be sufficient for the indictment to charge, that defendant *did keep and exhibit a gaming table, or bank for gaming*, without averring or proving that money was won or lost or bet on such gaming table or bank.

8. Where it is proved under an indictment for exhibiting a faro bank, that defendant did exhibit a faro bank, without stating that the exhibition was for the purpose of gaming—it may be inferred that the exhibition was for that purpose.

Error to the Circuit Court of Tallapoosa.

Indictment for keeping and exhibiting a faro bank, tried before *Shortridge*, J.

The defendant was charged with keeping and exhibiting a gaming table, by an indictment, which was as follows:

" The State of Alabama, Tallapoosa county—Circuit court, October term, 1836. The grand jurors for the county of Tallapoosa, upon their oath present, that Richard W. Whitworth, late of said county, on the third day of October, in the year of our Lord one thousand eight hundred and thirty-six, in the county aforesaid, did keep and·exhibit a certain gaming table, called a faro bank, played with cards, and kept for gaming, contrary to the

statute, and against the peace and dignity of the State of Alabama.

         "G. D. Shortridge, Solicitor of the

                Eighth Judicial Circuit."

    The defendant pleaded two pleas in abatement, which were similar to each other, and alleged " that the grand jurors by whom the said indictment was found, were not selected by the Judge of the County court, the commissioners of roads and revenue, the clerk of the Circuit court, and the sheriff of the county, from the list of householders and freeholders, returned by the sheriff of Tallapoosa county, according to the provisions of the act," *&c.* These pleas were demurred to by the State, and the demurrer sustained. The defendant then pleaded not guilty; was tried, convicted, and sentenced to pay the fine of one thousand dollars, and the costs of prosecution, and to remain in jail three months—without bail, and until the costs were paid.

    At the trial, it was proved on behalf of the State, that the defendant exhibited a faro bank, in Tallapoosa county, within twelve months next before the finding of the bill of indictment.

    The counsel for the defendant then requested the court to instruct the jury, that a faro bank was not a gaming table, as specified in the statute, and that it was incumbent on the prosecutor, to prove that the said faro bank was played with cards; which instructions were refused; and the jury were charged, that if they believed from the evidence, that a faro bank was exhibited (by the defendant) in the county of Tallapoosa, within twelve months next before the finding of the indictment, they

The State vs. Whitworth.

should find the defendant guilty in manner and form as charged, and that they might regard the words 'gaming table' and 'played with cards,' as surplusage. At the request of the defendant, the questions of law arising on the pleas in abatement, the charge of the court, as refused, and the instructions given, were reserved as novel and difficult, under the statute, in order that the same might be determined by the Supreme court.

*Attorney General*, for the State.

GOLDTHWAITE, J.—The pleas in abatement seem to have been framed with a direct reference to the act of assembly, passed the fourteenth day of January, eighteen hundred and twenty-six, entitled 'an act for the better selecting, drawing and summoning jurors'—(Aik. Dig. 298.)

It is unnecessary to consider whether these pleas are formally pleaded, because at the time when this indictment was found, and when the grand jury must have been selected, a different mode than the one pointed out by the act of eighteen hundred and twenty-six had been provided by law, and this act, so far as it governed the selection of grand jurors, had been repealed—(Act of 8 Jan. 1836, Aik. Dig. 2 ed. 624.)

By the last enactment, it is made the duty of the clerk of the Circuit court, and of the sheriff, under the superintendence of the judge of the County court, to select from the whole number of persons qualified to serve on juries, twenty-four persons, best qualified, in their opinion, to serve on the grand jury," &c. The pleas in abatement, were therefore properly overruled.

The instruction to the jury, as well as those refused, involve the construction of the first sections of the acts of eighteen hundred and twelve, and eighteen hundred and twenty-six, and the fourth section of the act of eighteen hundred and twenty-eight, in relation to the offences of exhibiting gaming tables, &c.

The section of the act of eighteen hundred and twelve, is in these words: "If any person or persons shall be guilty of keeping or exhibiting any gaming table, commonly called A B C, or E O, or roulette, or rowley powley, or rouge and noir, or any faro bank, or any other gaming table of the same or like kind, or of any other description, under any other denomination whatsoever, or shall be in any manner, either directly or indirectly, interested or concerned in any of the aforesaid gaming tables, bank or games, either by furnishing money or other articles, for the purpose of carrying on the same, being interested in the loss or gain of the said table or bank, or employed in any manner in conducting, carrying on or exhibiting said table or bank. Every person so offending, and being convicted thereof in the Superior court of law and equity of the proper county, shall pay a fine of not less than five hundred dollars, and not more than two thousand dollars, and shall stand in the pillory three days in succession, one hour each day"—(Aik. Dig. 210.)

So much of the section of the act of eighteen hundred and twenty-six, as requires examination, is in these words: "And if any person or persons shall, after the passage of this act, by him or her, or themselves, or their agent, keep, or cause to be kept, any such table, bank, or

other invention, by whatever name known or distinguished, for the purpose of gaming, or shall permit, or knowingly suffer the same to be kept, for the purpose aforesaid, on his, her, or their premises, he, she or they so offending, shall, on conviction thereof, upon indictment, be fined in a sum not less than five hundred dollars, nor more than two thousand dollars, and imprisoned not less than two, nor more than twelve months"—(Aik. Dig. 212.)

The fourth section of the act of eighteen hundred and twenty-eight, is as follows: "If any person or persons, shall hereafter be guilty of keeping or exhibiting any gaming table called A B C, or E O, or roulette, or rowley powley, or rouge and noir, or shall keep or exhibit any faro bank, or shall keep or exhibit any other gaming table or bank of the like kind, or of any other description, under any other name or denomination, or without any name therefor, or shall in any manner be interested or concerned in keeping, exhibiting or carrying on any such table, bank or game, each and every such person so offending, and being thereof convicted, shall be fined one thousand dollars, and on failure to pay the same, shall be imprisoned (without bail) for three months"—(Aik. Dig. 212.)

It may be somewhat questionable, whether the act of eighteen hundred and twenty-six, is as general and extensive as that of eighteen hundred and twelve; but the act of eighteen hundred and twenty-eight covers the whole ground of both the previous statutes, so far as the keeping, exhibiting, carrying on, or being in any manner interested in any gaming table or bank whatever;

and includes every offence connected with the subject matter, unless the furnishing of money or other things to carry on the same, without being in any manner connected by interest in the table, &c. is an offence intended to be punished by the act of eighteen hundred and twelve. As the act of eighteen hundred and twenty-eight provides a different, and in some respects, a milder punishment, for those offences, than the previous statutes, it must be held to repeal them, so far as the same offences are provided to be punished by it.

It cannot be doubted, that a faro bank is within the words of the act of eighteen hundred and twenty eight, and whether it be a gaming table or bank, is immaterial; both are equally within the inhibition of the statute, and the only matter to be ascertained by the jury, is the exhibition for the purpose of gaming.

The Circuit court properly refused to charge the jury, that a faro bank was not a gaming table; and it was correct in deciding, that the words 'gaming table,' in this indictment, as well as 'played with cards,' might be regarded as surplusage.

The sixth section of the act of eighteen hundred and twenty-eight, provides that it shall be sufficient for the indictment to charge, that the person indicted, *did keep and exhibit the gaming table or bank* above specified, *for gaming*, without proving that any money was won, or lost, or bet, on such gaming table or bank, &c. The indictment, in the present instance, contains substantially these averments, although they are coupled with the immaterial allegation, that the gaming table was played with cards, and if the evidence was sufficient to warrant

The State *vs.* Whitworth.

the charge of the court, the judgment must be sustained.

The proof was, that the defendant exhibited a faro bank. It is not stated that the exhibition was for the purpose of gaming—but must not such purpose be inferred, from the ordinary meaning to be attached to these terms? We think it must. It would be absurd, to suppose that a faro bank can be exhibited for any other purpose. A different purpose would change the character of the exhibition, and it would cease to be a foro bank or gaming table.

There is no error in the decision of either of the questions referred to this court, and the judgment of the Circuit court is affirmed.