PATRICK SULLIVAN, Plaintiff in Error, *v.* THE PEOPLE, Defendants in Error.

ERROR TO MACON.

An affirmative statute is a repeal by implication of a prior affirmative statute, so far as it is contrary thereto.
In Illinois, the repeal of a repealing statute does not revive the prior existing laws.
The law of 1853, relating to the selling of liquor, revived the law as it stood in 1845, and restored authority to grant licenses, and to punish for retailing liquor without license.

THIS cause was heard before EMERSON, Judge, at October term, 1853, of the Macon Circuit Court.

A. LINCOLN, for plaintiff in error.

ELAM RUSH, State's attorney, for the people.

TREAT, C. J. Sullivan was indicted for selling spirituous liquors in a less quantity than one quart, during the month of May, 1853, without having a license to keep a grocery. He was tried, and found guilty. The court refused a motion in arrest of judgment, and fined him ten dollars. He sued out a writ of error.

The only question in the case is, whether § 132, of the criminal code, is now in force. That section reads thus: "Every person who shall not have a legal license to keep a grocery, who shall barter, exchange, or sell any wine, rum, brandy, gin, whiskey, or other vinous, spirituous, or mixed liquors, to any person or persons, by a less quantity than one quart, shall, on conviction, be fined for every offence ten dollars." The 64th ch. R. S. authorized county commissioners' courts, and trustees

20*

of incorporated towns to grant licenses to keep groceries; and provided that every person selling any vinous, spirituous, or mixed liquors in a less quantity than one quart without having such license, should forfeit ten dollars for each offence, to be recovered by action of debt before a justice of the peace. It further provided that a judgment under either of these provisions, should be a bar to a prosecution under the other. Such was the law in 1845.

The act of the 1st of February, 1851, repealed " All laws and parts of laws authorizing licenses to be granted to keep groceries, or for the sale of vinous, spirituous, or mixed liquors;" and provided that every person selling any such liquors by a less quantity than one quart, should forfeit twenty-five dollars for each offence, to be recovered by indictment, or by action of debt before a justice of the peace. This act was a virtual repeal of § 132 of the criminal code. The two laws were clearly inconsistent, and could not stand together. In such case, the latest statute must prevail. An affirmative statute is a repeal by implication of a prior affirmative statute, so far as it is contrary thereto. The case of Rex *v.* Cator, 4 Burrow, 2026, is precisely in point. A statute inflicted a fine of £100 and three months' imprisonment for enticing artificers abroad; and a subsequent statute inflicted a fine of £500 and twelve months' imprisonment for the same offence. The court held the latter statute to be a virtual repeal of the former. So in Leighton *v.* Walker, 9 New Hampshire, 59, the court held that a statute imposing a penalty of $30 for taking illegal fees, was in effect repealed by a later statute imposing a penalty of $50 for the same offence. And in Nichols *v.* Squire, 5 Pickering, 168; Commonwealth *v.* Kimball, 21 Ib. 373; The State *v.* Whitworth, 8 Porter, 434; and Buckalew *v.* Ackerman, 3 Halsted, 48, it was decided that a statute imposing a new penalty for an offence, was an implied repeal of so much of a prior statute as imposed a different penalty for the same offence.

The act of February 1, 1851, was expressly repealed by an act passed on the 7th of February, 1853. But the laws repealed by the former act were not thereby revived. Our statute has changed the common law in this respect. It declares that " No act, or part of an act, repealed by another act of the general assembly, shall be deemed to be revived by the repeal of such repealing act." R. S. ch. 90, § 26.

It is provided by the act of the 12th of February, 1853, " That all laws, or parts of laws, which were in force in relation to the granting of license to persons for the purpose of retailing spirituous, vinous, or mixed liquors, at the time of the passage of an

Sullivan *v.* The People.

act entitled ' An act to prohibit the retailing of intoxicating drinks,' approved February 1, 1851, be, and are hereby reënacted and in full force and effect, as if never repealed." We think it was the intention of the legislature to revive the law as it stood in 1845, authorizing licenses to be granted to keep groceries, and imposing penalties for selling spirituous liquors in a less quantity than one quart, without such license. It was the design not only to restore the authority to grant licenses, but the power to inflict punishments for retailing liquors without license. In other words, it was a return to the former system ; a reënactment of all the statutes on this subject, in force at the time of the passage of the act of the 1st of February, 1851. A different view of the case would impeach the wisdom of the legislature. The authority to grant licenses would be wholly useless, without the power to restrain persons from retailing spirituous liquors without license. A man would not procure a license to retail liquors, when he could do the same thing without it. He would not thereby obtain any advantage over others having no license. The consequence would be, that every person might sell spirituous liquors in any quantity with impunity. Such an interpretation ought not to be put upon the action of the legislature, unless it manifestly appears that such was the design. The language of the act of the 12th of February, 1853, indicates no such intention, and demands no such construction. It expressly reënacts all laws and parts of laws in relation to the granting of licenses to retail spirituous liquors, which were in force at the time of the passage of the act of the 1st of February, 1851. The 132d section of the criminal code was then in force, and it had relation to that subject-matter. It was part and parcel of the same system. It was one of the means employed to render the system effective. In our opinion, this provision of the criminal code is now in full force. It follows that the judgment of the circuit court must be affirmed.

*Judgment affirmed.*