JOHN BENNETT, Plaintiff in Error, *v.* THE PEOPLE, Defendants in Error.

## ERROR TO MENARD.

The act of the 12th February, 1853, so altered section 132 of the criminal code, and chapter 64 of the Revised Statutes, as to make it penal for any person to sell liquor in less quantity than a gallon, without having a license to keep a grocery.

It was erroneous to say that a party who had sold ardent spirits without a license in a less quantity than one gallon, at any time within eighteen months prior to May, 1854, could be punished under section 132 of the criminal code, as that code was not in force from the 1st February, 1851, to the 12th of the same month, in 1853.

THIS trial took place at October term, 1854, of the Menard Circuit Court; WOODSON, Judge, presiding.

T. L. HARRIS, for Plaintiff in Error.

D. B. CAMPBELL, States Attorney, for the people.

TREAT, C. J. Bennett was indicted at the May term, 1854, of the Menard circuit court, for selling whiskey to John Duff, in a less quantity than one gallon, without having a license to keep a grocery. At the ensuing October term, he entered a motion to quash the indictment, which was overruled by the court. He then pleaded not guilty, and the cause was submitted to a jury for trial. John Duff testified, " that within eighteen months before the finding of the indictment, he purchased of the defendant, in Menard county, on several occasions, whisky by the gallon; that he had a quart jug, and took it by the quart as he wanted it; that he paid for the gallon at the time of the purchase, and took it away as he wanted it by the quart; that the liquor was drawn out of the barrel." The court instructed the jury " that if they believe, from the evidence, that at any time within eighteen months prior to the finding of the indictment, the defendant has, without license, sold whisky to the person named in the indictment in less quantity than one gallon, they will find the defendant guilty." The jury returned a verdict of guilty, and the defendant entered a motion in arrest of judgment. The court denied the motion, and imposed a fine of $10 upon the defendant.

First. This court decided in the case of *Sullivan* v. *The People*, 15 Ill. 233, that the act of the 12th of February, 1853, revived the laws in force in 1845, authorizing licenses to be granted to keep groceries, and imposing penalties for selling spirituous liquors without license; and an indictment founded

on Sec. 132 of the criminal code was held valid. That section, as it stands in the Revised Statutes, only makes it an indictable offense to sell liquor in less quantity than one quart without a license to keep a grocery. But the act of the 12th of February, 1853, in restoring the prior laws on this subject, contained this provision: "And provided further, that a grocery shall be deemed to include all houses and places where spirituous or vinous liquors are retailed by less quantity than one gallon." This provision so far changed the law of 1845 as to render illegal the sale of liquor in a less quantity than one gallon without a license to keep a grocery. It was evidently the design of the legislature that a party selling liquor in a less quantity than one gallon, without having a license to keep a grocery, should forfeit a penalty of ten dollars, to be recovered either by indictment or by action of debt; and Sec. 132 of the criminal code, and Chap. 64 of the Revised Statutes, were so altered as to carry out that intention. The court properly refused to quash the indictment.

Second. The instruction was clearly erroneous. Section 132 of the criminal code was not in force between the 1st of February, 1851, and the 12th of February, 1853. A party selling liquor without license during that interval of time, was liable to a different penalty. See *Sullivan* v. *The People*, 15 Ill. 233. This section of the criminal code was revived within eighteen months prior to the finding of the indictment. The offense, therefore, could not be established by proof of the sale of spirituous liquor before the 12th of February, 1853. The sale must have been made after that day.

The judgment is reversed and the cause remanded.

*Judgment reversed.*