[No. 11564.  In Bank. — February 20, 1888.]

J. K. FRASER, RESPONDENT, v. DAVID ALEXANDER, APPELLANT.

PUBLIC OFFICERS — REMOVAL OF — ACT OF MARCH 30, 1874 — REPEALED BY CONSTITUTION. — The act of March 30, 1874, providing for the removal and punishment of the members of certain public boards for malfeasance in office by a prosecution in the district court, being inconsistent with the provisions of the constitution of 1879 establishing other courts, and not having been altered to conform to the constitution before the 1st of July, 1880, ceased to exist as a law upon that date, under section 1 of article 22 of the constitution.

ID. — COUNTY GOVERNMENT ACT — REMOVAL OF SUPERVISOR. — The act of March 30, 1874, in so far as it provides for the removal and punishment of a member of a board of supervisors for malfeasance in office, is inconsistent with section 55 of the county government act of March 14, 1883, which provides a different mode of punishment with different penalties for the same unlawful acts, and was therefore repealed by the latter act.

ID. — SUBSEQUENT ACT COVERING SAME OFFENSE. — As a general rule, acts of the legislature prohibiting the same offenses and injuries as former acts, but imposing different penalties or giving different remedies, repeal so far such former acts.

APPEAL from a judgment of the Superior Court of Lake County.

The facts are stated in the opinion of the court.

*E. W. Britt,* and *Fox & Kellogg,* for Appellant.

The act of March 30, 1874, in so far as applicable to the case of a supervisor, was repealed by sections 55 and 184 of the county government act of March 14, 1883. (*Sacramento* v. *Bird,* 15 Cal. 296; *State* v. *Conkling,* 19 Cal. 512; *Pierpont* v. *Crouch,* 10 Cal. 316; *Norris* v. *Crocker,* 13 How. 429.)

*Oliver P. Evans, Ben. P. Tabor,* and *Ryland B. Wallace,* for Respondent.

The statute of March 30, 1874, has not been repealed by sections 55 and 184 of the county government act, so far as the former relates to the case of a supervisor. Section 55 of the county government act (Stats. 1883, p. 314) is a *verbatim* copy of section 4086 of the Political Code, which was in full force and effect when the statute of March, 1874, was enacted, and the two in no way conflict. (*Reed* v. *Omnibus R. R. Co.,* 33 Cal. 212; *Crosby* v. *Patch,* 18 Cal. 439; *Perry* v. *Ames,* 26 Cal. 382; *Bowen* v. *Lease,* 5 Hill, 221; *McCartee* v. *Orphan Asylum Soc.,* 9 Cow. 506; 18 Am. Dec. 516.) The act of March 30, 1874 has not been repealed by implication. To produce a repeal by implication, the two acts must be upon the same subject, and there must be a plain repugnancy between their provisions; in which case, to the extent of the repugnancy the latter act repeals the former; or if the acts are not in express terms repugnant, then the latter act must cover the whole *subject* of the first act, and embrace new provisions plainly showing that it was *intended as a substitute for the first.* (*Coats* v. *Hill,* 41 Ark. 149; *Pulaski County* v. *Downer,* 10 Ark. 588; *Higginbotham* v. *Watts,* 23 Ark. 304; *Ex parte Osborn,* 24 Ark. 479.)

SEARLS, C. J.—This is an action brought by the plaintiff in his individual capacity against the defendant as supervisor of the county of Lake, state of California, to recover one hundred dollars, and to remove the defendant from his office as supervisor for a willful violation of official duty, pursuant to an act of the legislature of the state of California, approved March 30, 1874, entitled "An act providing for the removal of civil officers for a violation of official duties." (Stats. 1873–74, p. 911; Deering's Code Civ. Proc., following sec. 810.)

Plaintiff had judgment as prayed for in his complaint,

from which judgment, and from an order denying a new trial, defendant appeals.

The complaint was filed January 7, 1886, is verified, and shows that a claim for $74.55, in favor of one G. W. Rawson, on account of bridge lumber furnished to the county of Lake, was presented to the board of supervisors of said county for allowance.

The *gravamen* of the charge against the defendant is:—

1. "That said claim was not verified as required by law."

2. That on the twentieth day of July, 1885, the defendant, as a supervisor, "willfully and in violation of his official duty as a supervisor of said county of Lake, did cast his vote as such supervisor in favor of the allowance and payment of said claim for the full amount thereof, contrary to the form, force, and effect of the statutes in such cases made and provided."

3. That the claim was allowed and ordered paid; that defendant voted in favor of such allowance and payment, and that in so doing he became guilty of a willful violation of his official duty.

A copy of the bill as presented and allowed is attached to the complaint as an exhibit. It is in the usual form of an itemized account, the dates, etc., being given, and is only verified and certified as follows:—

"Subscribed to this 18th July, 1885.

"G. W. RAWSON.

"D. POSTON, Supervisor District 1."

Defendant demurred to the complaint upon the grounds: 1. That it failed to state facts sufficient to constitute a cause of action; and 2. That plaintiff had not legal capacity to sue.

The demurrer was overruled, and this action is assigned as error.

Defendant urges that the demurrer should have been sustained, for the reasons,—

(*a*) The statute of March 30, 1874, so far as it could apply to the case of the supervisor, has been superseded and repealed by sections 55 and 184 of the act known as the county government act.   (Stats. 1883, p. 299.)

(*b*) Conceding the act of March 30, 1874, to be in full force, the complaint is yet bad for the want of sufficient statement of essential facts.

The act of 1874 provides that any member of certain boards, among which are supervisors, "who shall be guilty of a willful violation of any of the provisions of the statute under which he or they were or may be hereafter elected or appointed, or of any other statute or statutes of this state, prescribing or defining their duties and powers, or passed for their government or control, or who shall be guilty of any other willful violation of official duty, shall be deprived of his office and otherwise punished, in accordance with the provisions of section 2 of this act."

Section 2 provides for a complaint, duly verified, setting forth the facts constituting a violation of duty, to be filed in the district court; for a citation to the party charged; and requires the court to proceed to hear in a summary manner the complaint and evidence offered in support of the same, and the evidence offered by the party charged; and if it shall appear that the charge or charges contained in the complaint are sustained, requires the court to enter a decree depriving the party charged of his office, and to enter judgment for one hundred dollars in favor of complainant, and for costs.

Section 3 provides that the act shall not repeal or impair the provisions of any other act, but shall be construed to be a cumulative remedy for the enforcement of official duty.

The laws in force and providing for the removal of civil officers otherwise than by impeachment at the time of the passage of the cumulative act of 1874 were:—

1. Upon an accusation in writing presented to the

grand jury, as provided by section 758 of the Penal Code. The sections immediately following defined the proceedings to be had, the mode of trial, and judgment to be rendered.

2. Section 772 of the same code (Pen. Code, sec. 1872) provided a process for the removal of public officers by summary proceedings before the district courts, for charging illegal fees, or for refusal or neglect to perform the official duties pertaining to their offices.

In this class of cases, a complaint could be presented by an individual, and in case of guilt, judgment of removal from office followed, and also a judgment for five hundred dollars in favor of the informer.

This section was amended in 1880 so as to authorize the proceeding to be had in the superior court; but in other respects the section was not changed. (Pen. Code, sec. 772.)

Thus stood the statutes when, on the 14th of March, 1883, an act entitled "An act to establish a uniform system of county and township governments," was approved.

Section 55 of this last act is as follows:—

"Any supervisor who neglects or refuses to perform any duty imposed on him without just cause therefor, or who willfully violates any law provided for his government as such officer, or fraudulently or corruptly performs any duty imposed on him, or willfully, fraudulently, or corruptly attempts to perform an act as supervisor, unauthorized by law, in addition to the penalty provided in the Penal Code, forfeits to the county five hundred dollars for every such act, to be recovered on his official bond, and is further liable on his official bond to any person injured thereby for all damages sustained."

Section 231 of the same act (county government act) repeals all acts and parts of acts inconsistent therewith.

The manifest object of the county government act was to provide a comprehensive system of government for counties and townships.

It provides for a board of supervisors, fixes and defines their powers, regulates the manner of their exercise, etc.

The board exercises judicial functions in examining and passing upon claims against the county; legislative powers in the enactment of ordinances; and executive authority in a variety of matters confided to its supervision.

For willful, fraudulent, or corrupt acts of omission or commission, by section 55 of the act they forfeit to the county five hundred dollars, to be recovered on their official bonds, and for damages or hurt to individuals by such acts or omissions, they are severally liable on such bonds.

Coupled with the provisions of the Penal Code, under which they may be removed from office for malfeasance, and it would seem the legislature has so hedged the supervisors around as to protect alike the public and the individual.

It was said in *City and County of Sacramento* v. *Bird,* 15 Cal. 295: " Every statute must be considered according to what appears to have been the intention of the legislature, and even though two statutes relating to the same subject be not in terms repugnant or inconsistent, if the latter statute was clearly intended to prescribe the only rule which should govern in the case provided for, it will be construed as repealing the original act." (Sedgwick on Statutory and Constitutional Law, 124.)

As was said in *State* v. *Conkling,* 19 Cal. 512: " When the legislature makes a revision of the particular statutes, and frames a general statute upon the subject-matter, and from the framework of the act it is apparent that the legislature designed a complete scheme for this matter, this is a legislative declaration that whatever is embraced in the new law shall prevail, and whatever is excluded is ignored."

In *Norris* v. *Crocker,* 13 How. 429, it was held that where, under an act of Congress, a penalty was given

to an individual for certain violations of the act, a subsequent act, which did not in terms repeal the former, but which imposed a fine and imprisonment for a like violation of the law, upon a prosecution by the United States, the effect of the latter statute was to repeal the former so far as the penalty was concerned.

We think it may be stated as a general rule that acts of the legislature prohibiting the same offenses and injuries as former acts, but imposing different penalties or giving different remedies, repeal, so far, such former acts. (*Rex* v. *Cator*, 4 Burr. 2026; *Nichols* v. *Squire*, 5 Pick. 168; *Commonwealth* v. *Kimball*, 21 Pick. 373; *State* v. *Whitworth*, 8 Port. 434.)

A comparison of section 55 of the county government act with the statute of 1874 shows that while the latter is somewhat more specific and comprehensive than the former, yet it covers the same unlawful acts, and provides a different mode of punishment, with different penalties.

Again, the act of 1874 provided for a prosecution in the district court.

By section 1 of article 22 of the constitution of 1879, it was provided that "the provisions of all laws which are inconsistent with this constitution shall cease upon the adoption thereof, except that all laws which are inconsistent with such provisions of this constitution as require legislation to enforce them shall remain in full force until the first day of July, 1880, unless sooner altered or repealed by the legislature."

Sections 2 and 3 of the same article conferred upon the courts created by the new constitution jurisdiction in all actions and proceedings pending upon its adoption, and for offenses committed before such adoption.

The legislature of 1880 amended the provisions of the Penal Code relating to the removal of civil officers to conform to the new constitution by giving jurisdiction of the proceedings to the superior court, where it had been before in the district court.

No change was, however, ever made in the act of 1874, conforming it to the new constitution.

As it stood, it required legislation to conform it to the new order of things. It provided for prosecutions in courts which cease to exist when the new constitution went into effect, and not having been amended prior to July, 1880, ceased at that date to have any force or effect.

We are of the opinion, therefore: 1. That the act of March 30, 1874 (Stats. 1873-74, p. 911), ceased to exist as a law on the first day of July, 1880; 2. That waiving the first proposition, such act of 1874 is inconsistent with the county government act, and is therefore repealed by section 184 thereof.

It follows that the judgment and order appealed from should be reversed, and the court below directed to sustain the demurrer and dismiss the action.

Ordered accordingly.

McFARLAND, J., PATERSON, J., SHARPSTEIN, J., and THORNTON, J., concurred.

Rehearing denied.