UNITED STATES v. TWO BAY MULES, ETC.

(*District Court, W. D. North Carolina.* June Term, 1888.)

INTERNAL REVENUE—VIOLATION OF LAWS—FORFEITURE.
Rev. St. U. S. § 3450, providing that animals and conveyances used in removing spirituous liquors to evade payment of the tax shall be forfeited to the United States, subjects them to forfeiture when used in such removal; though they were so employed by a person who had hired them from the owner representing that they were to be used for another purpose.

At Law. Information to enforce forfeiture.
*H. C. Jones,* U. S. Atty., and *Geo. F. Bason,* Asst. U. S. Atty., for the United States.
*Gidney & Webb,* for claimant.

DICK, J. From the facts set forth in the "agreed case," it appears that the mules and wagon mentioned in the information were, at the time of seizure, in the possession of Nick York, and were then actually employed by him in the removal of a package of spirituous liquors in violation of law. The statute upon which this information is founded (Rev. St. U. S. § 3450) expressly provides that such property so employed shall be seized and be forfeited to the United States; and that the proceedings to enforce such forfeiture shall be in the nature of a proceeding *in rem.* It also appears that W. H. York, the owner and claimant of the mules and wagon, hired the same to Nick York at the sum of $2.50 per day, for the purpose of hauling a load of produce to market; and said claimant had no knowledge or information that his property so hired for a lawful purpose would be employed in removing the package of spirits in violation of law; and he insists that his property should not be forfeited for a fraud in which he in no respect participated. There is no exception in the statute under which such defense can be made available in the courts, which cannot give relief in contravention of the provisions of a positive statute. The principles of law announced in *Peisch* v. *Ware,* 4 Cranch, 347, are not applicable in this case, as the offending property, under a contract with the owner, was in the rightful possession of Nick York at the time the offense was committed.

The opportunities, facilities, and inducements for persons to evade the internal revenue laws, and the frequent violations that escaped without detection and punishment, induced congress to enact very comprehensive, specific, and stringent measures for the prevention and punishment of frauds in regard to the tax on whisky and tobacco, so extensively manufactured and sold. To make this purpose still more effectual the bureau that has charge of the collection of such taxes, is invested with the authority to prescribe regulations that may be deemed necessary to secure the proper observance and execution of the law.

In applying and enforcing such laws, where they impose an absolute forfeiture for fraud, the courts adopt a liberal construction, so as to accomplish, as far as possible, the well-considered and necessary measures devised and enacted by congress to secure the effectual collection of the public revenue. The experience of the officers of the internal revenue, and the facts that so often appear on trials in the courts, show that it is very difficult to prevent frauds in regard to the tax on whisky and tobacco, on account of the various and numerous artifices resorted to by wrong-doers, and the extent of the territory in which such offenses can be easily committed, often with impunity. As long as taxes are imposed upon these articles, so largely manufactured, sold, and used by the people, the most stringent enforcement of the law is necessary to prevent frauds, and suppress crime. In criminal cases the courts may properly be influenced by mitigating facts and circumstances, and temper their judgments with mercy; but in civil proceedings to enforce forfeitures imposed by positive statutes they cannot, on account of the peculiar hardship or apparent injustice of the case, exercise a discretion in the matter by mitigating the severe penalties of the law. When property becomes liable to forfeiture under the positive provisions of a statute, owners who have in no way participated in the frauds which caused the forfeiture, must seek redress from the wrong-doers who unlawfully used the property with which they were intrusted; or they can apply to the officers of the government invested with the authority to remit forfeitures. In this proceeding *in rem* the mules and wagon are considered as the offenders, and are liable to forfeiture without any regard whatsoever to the personal misconduct or responsibility of the owner. The principles of law upon this subject are clearly and fully announced in *Distillery* v. *U. S.*, 96 U. S. 395, and cases cited. Let a decree of condemnation be drawn in conformity with this opinion.