[No. 14816.   Department One. — February 25, 1893.]

# E. CROSSMAN, RESPONDENT, *v.* A. M. KENNISTON, APPELLANT.

MALFEASANCE OF MUNICIPAL OFFICERS — REPEAL OF STATUTE — MUNICIPAL CORPORATION ACT — DISMISSAL OF COMPLAINT. — The act of March 30, 1874 (Stats. 1873–74, p. 911), providing for a judgment of removal from office of municipal officers for malfeasance in office upon complaint of any person, and for a money judgment in favor of the complainant for one hundred dollars, was repealed by the inconsistent provision of the act of March 13, 1883 (Municipal Corporation Act, sec. 11; Stats. 1883, p. 266), providing for removal from office, and conviction of a misdemeanor to be punished as such; and a complaint by a private person under the former act, after the passage of the Municipal Corporation Act, must be dismissed.

APPEAL from a judgment of the Superior Court of San Bernardino County.

The facts are stated in the opinion of the court.

*R. E. Bledsoe, Rolfe & Freeman*, and *Hargrave & Bledsoe*, for Appellant.

*Harris & Gregg*, and *E. Crossman*, for Respondent.

PATERSON, J. — The plaintiff filed an accusation against the defendant, who is a member of the board of trustees of the city of San Bernardino, charging him with having willfully violated his official duty as a city trustee, and asking that he be removed from office. It

was alleged that while holding the office of trustee he leased a certain building to the city, to be used by the latter as a city hall, and that he received pay for the use of the building; that he also let to divers city officials teams belonging to a firm of livery-stable proprietors, of which he was a member, and collected pay from the city for the use thereof.

A demurrer to the accusation and a motion to dismiss the proceeding were filed and overruled. Thereupon an answer was filed, the cause was heard on the merits, the allegations of the complaint were found to be true, and judgment was entered as prayed for. From this judgment the defendant has appealed.

The act of March 30, 1874, provides that any member of any board of officers, state, city, or county, who shall be found guilty of a willful violation of any provision of the statute prescribing or defining his duties, or who shall be found guilty of any other willful violation of official duty, shall be deprived of his office. Section 2 of the act provides that any person may file a complaint charging the officer with a willful violation of official duty; that thereupon a citation may be issued and a summary hearing had, and if upon such hearing the charges are sustained, the officer may be deprived of his office, and the court may enter a judgment for one hundred dollars in favor of the complainant and for his costs of suit. But this act, so far as it provides for the removal and punishment of municipal officers for malfeasance in office, is inconsistent with the provisions of section 11 of the Municipal Corporation Act, passed March 13, 1883 (Stats. 1883, p. 266), which reads as follows:—

" Sec. 11. No officer of such city shall be interested, directly or indirectly, in any contract with such city, or with any of the officers thereof in their official capacity, or in doing any work, or furnishing any supplies, for the use of such city or its officers in their official capacity; and any claim for compensation for work done, or supplies or materials furnished, in which any

such officer is interested, shall be void, and if audited and allowed, shall not be paid by the treasurer. Any willful violation of the provisions of this section shall be a ground for removal from office, and shall be deemed a misdemeanor, and punished as such."

The act of March 30, 1874 (Stats. 1873–74, p. 911), provides for a judgment of removal from office, and a judgment in favor of the *complainant* for one hundred dollars. The act of March 13, 1883, provides for a judgment of removal, and *conviction of a misdemeanor to be punished as such.* Manifestly, the remedy and penalty provided in the former act are different from those provided in the latter act. This being the case, the latter act repealed the former, and the proceeding must be dismissed. (*Fraser* v. *Alexander,* 75 Cal. 147.)

It is claimed by respondent that the case just cited was overruled in *Wickersham* v. *Brittan,* 93 Cal. 34. In this he is mistaken. The only matter decided in the Wickersham case germane to the present inquiry was, that the decision in *Fraser* v. *Alexander,* 75 Cal. 147, was *obiter dictum,* in so far as it held that the act of March 30, 1874, was repealed by the provisions of the constitution of 1879, but nothing was said in that case impairing the decision in *Fraser* v. *Alexander,* 75 Cal. 147, as to the effect of section 55 of the County Government Act upon the act of March 30, 1874.

The judgment is reversed, with directions to the court below to dismiss the proceeding.

GAROUTTE, J., and HARRISON, J., concurred.