UNITED STATES v. ONE BAY HORSE AND ONE BUGGY.

(District Court, N. D. Illinois, N. D. February 8, 1904.)

No. 9,573.

1. OLEOMARGARINE LAW—PENALTIES FOR VIOLATION—REPEAL.

Rev. St. §§ 3450, 3453 [U. S. Comp. St. 1901, pp. 2277, 2278], providing forfeitures for acts done with intent to defraud the United States of an internal revenue tax, is repealed, so far as concerns the tax on oleomargarine, by Act Aug. 2, 1886, c. 840, § 17, 24 Stat. 209 [U. S. Comp. St. 1901, p. 2234], providing a more limited forfeiture for attempts to defraud the government of the oleomargarine tax.

S. H. Bethea, U. S. Atty.
Benjamin M. Schaffner, for defendant.

KOHLSAAT, District Judge. Lottie Chaney makes application to the court for the return to her of her horse and buggy seized and claimed as forfeited by the government as property found and used on the premises of her husband, Morris Chaney, and other parties, who

¶ 1. Repeal of statutes by implication, see note to First Nat. Bank v. Weidenbeck, 38 C. C. A. 136.

have pleaded guilty to the violation of the statutes in regard to the sale and manufacture of oleomargarine. The proceeding was instituted under section 17 of the act of August 2, 1886, c. 840, 24 Stat. 209 [U. S. Comp. St. 1901, p. 2234], which provides "that whenever any person engaged in carrying on the business of manufacturing oleomargarine, defrauds or attempts to defraud the United States of the tax on the oleomargarine produced by him or any part thereof he shall forfeit the factory and all raw material for the production of oleomargarine found in the factory and on the factory premises and shall be fined not less than $500 nor more than $5,000, and shall be imprisoned not less than six months nor more than three years." Claimant owned the said horse, which she had kept in the premises several days. She was accustomed herself to drive the horse, and the evidence establishes her title thereto. The buggy belonged to her also, but had been on the premises a considerable time. The government seeks to apply sections 3450 and 3453 of the Revised Statutes [U. S. Comp. St. 1901, pp. 2277, 2278], passed prior to the oleomargarine act, and construed in U. S. v. Stowell, 133 U. S. 1, 10 Sup. Ct. 244, 33 L. Ed. 555; U. S. v. 2 Bay Mules (D. C.) 36 Fed. 84; Pilcher v. Faircloth, 135 Ala. 311, 33 South. 545; U. S. v. 246½ Lbs. Tobacco (D. C.) 103 Fed. 791; Dobbins Distillery v. U. S., 96 U. S. 395, 24 L. Ed. 637; U. S. v. 220 Machines (D. C.) 99 Fed. 559. Such would be the case had not Congress provided a special penalty in section 17, which limits the forfeiture to the "factory and manufacturing apparatus used by the manufacturer and all oleomargarine and raw material for its production, found in the premises." It must be assumed that by the omission of the more drastic measures of the prior act Congress intended to distinguish between the violations of law in regard to which the penalties are imposed, respectively. Roche v. Mayor, etc., of Jersey City, 40 N. J. Law, 257; Ellis v. Paige, 1 Pick. 43; Daviess v. Fairbairn, 44 U. S. 636, 11 L. Ed. 760. A statute imposing a penalty for an offense is pro tanto repealed by a subsequent statute fixing a lighter penalty. Smith v. State, 1 Stew. (Ala.) 506; State v. Whitworth, 8 Port. 434.

The application of the petitioner is granted.