## UNITED STATES v. MANGANO.

(Circuit Court of Appeals, Eighth Circuit.    May 6, 1924.)

No. 6370.

Internal revenue ⬦⟶46—Provisions of internal revenue law for forfeiture of vehicles not applicable to seizures under Anti-Narcotic Act.

The provision of Rev. St. § 3450 (Comp. St. § 6352), for forfeiture of vehicles used in removal of property with intent to defraud the United States of the tax thereon, cannot be invoked in respect to the regulation of the manufacture, sale, possession, or handling of narcotic drugs, under the provisions of Harrison Anti-Narcotic Act, as amended (Comp. St. Ann. Supp. 1923, § 6287g et seq.).

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Libel by the United States against one Chalmers automobile. From an order dismissing the libel, and returning the automobile to Tony Mangano, intervening owner, the United States brings error. Affirmed.

George A. Keyser, Asst. U. S. Atty., of Omaha, Neb. (James C. Kinsler, U. S. Atty., of Omaha, Neb., on the brief), for the United States.

E. D. O'Sullivan, of Omaha, Neb. (W. N. Jamieson and C. J. Southard, both of Omaha, Neb., on the brief), for defendant in error.

Before LEWIS, Circuit Judge, and BOOTH and SYMES, District Judges.

BOOTH, District Judge. This is a writ of error seeking reversal of an order dismissing a libel, and restoring to the intervening owner an automobile libeled and seized in alleged pursuance of section 3450, R. S. (Comp. St. § 6352). The libel alleged that the automobile was—

"in the possession of and used by George Folker in removing from one point to another in the said city of Omaha certain quantities of narcotics, to wit, fifty-six (56) grains of morphine, a derivative of opium, the aforesaid narcotics being in unstamped packages, and which were removed as hereinbefore stated, with the intent to defraud the United States of the taxes upon the aforesaid drugs; * * * that is to say: That on the 22d day of September, 1922, the said George Folker did use the aforesaid Chalmers automobile in transporting and conveying over the streets in the city of Omaha the said narcotics, from a point in the city of Omaha aforesaid to another point in the said city of Omaha."

The sole question in dispute is whether section 3450, R. S. is applicable to cases where an automobile is used to transport untax-paid narcotics, but which are taxable under the Harrison Anti-Narcotic Act of December 17, 1914 (38 Stat. 785), as amended by the Act of February 24, 1919 (40 Stat. 1130), and the Act of November 23, 1921, (42 Stat. 227, 298 [Comp. St. Ann. Supp. 1923, § 6287g et seq.]). Section 3450 was originally section 14, chapter 184, Act of July 13, 1866, an internal revenue act. It read as follows:

"Whenever any goods or commodities for or in respect whereof any tax is or shall be imposed, or any materials, utensils, or vessels proper or intended

⬦⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to be made use of for or in the making of such goods or commodities *are removed*, or are deposited or concealed in any place, with intent to defraud the United States of such tax, or any part thereof, all such goods and commodities, and all such materials, utensils, and vessels, respectively, shall be forfeited; and in every such case all the casks, vessels, cases, or other packages whatsoever, containing, or which shall have contained, such goods or commodities, respectively, and every vessel, boat, cart, carriage, or other conveyance whatsoever, and all horses or other animals, and all things used in the *removal* or for the deposit or concealment thereof, respectively, shall be forfeited. And every person who *removes*, deposits, or conceals, or is concerned in removing, depositing, or concealing any goods or commodities for or in respect whereof any tax is or shall be imposed, with intent to defraud the United States of such tax or any part thereof, shall be liable to a fine or penalty of not more than five hundred dollars."

The words "removed" ·and "removal," occurring in this section, had a definite and well-understood meaning at the time the original act was passed. Similar words occur in numerous other sections of the same act. A reading of these various sections leads to the conclusion that the words "removed" and "removal" had reference to a transfer from particular, specified places designated in the law—places of· production or manufacture or specified warehouses. It is clear that the word "removed," where it occurs in the taxing clause of section 1 of the Act of December 17, 1914, as amended, is used with the same meaning. It may well be doubted, therefore, whether the "transportation" of narcotics, such as is specifically described in the libel in the instant case, would come within the "removal" described in section 3450. See U. S. v. One Ford Automobile Truck (D. C.) 286 Fed. 204. The cases of Goldsmith-Grant Co. v. U. S., 254 U. S. 505, 41 Sup. Ct. 189, 65 L. Ed. 376, Logan v. U. S., 260 Fed.·746, 171 C. C. A. 484, United States v. Mincey, 254 Fed. 287, 165 C. C. A. 575, 5 A. L. R. 211, and United States v. Two Bay Mules (D. C.) 36 Fed. 84, do not hold to the contrary. The question of the meaning of the term "removal" was not involved in these cases, for it was conceded on the record in each case that there had been a "removal" of liquor with the intent to defraud the United States of the tax thereon.

But we prefer to rest our decision upon a broader ground. Legislation, considerable in amount and extending over many years, has been passed by the Congress of the United States relative to narcotics:

As to the manufacture, sale and possession: Act of December 17, 1914 (38 Stat. 785); Act of February 24, 1919 (40 Stat. 1132); Act of November 23,·1921 (42 Stat. 227, 298).

As to the importation of narcotics: Act of October 1, 1890 (26 Stat. 621); Act of March 3, 1897 (29 Stat. 695); Act of February 9, 1909 (35 Stat. 614); Act of January 17, 1914 (38 Stat. 275); Act of May 26, 1922 (42 Stat. 596 [Comp. St. Ann. Supp. 1923, § 8800 et seq.]).

These two sets of statutory enactments, while independent of each other in most respects, nevertheless are brought into correlation by certain provisions of several of the enactments. These statutes, with such·references to other statutes as are specifically made, constitute a fairly complete code of legislation, in regard to the manufacture, sale, possession, and importation of opium and its derivatives.

We are mainly concerned in the present case with the Act of December 17, 1914, and its amendments. This act provides a tax of one cent an ounce on opium and its derivatives. Section 1 of the act, as amended by section 1006 of the Act of February 24, 1919, as re-enacted by section 1005 of the Act of November 23, 1921. The same section provides, also, special taxes for dealers. It is unlawful to have in possession the drugs mentioned on which the taxes have not been paid. Section 8 (Comp. St. § 6287n), and section 1 of the act as amended. Forfeiture of the drug is one of the penalties for such unlawful possession. Section 1 and section 1008 of the amendatory Act of February 24, 1919, as re-enacted in section 1007 of the Act of November 23, 1921 (Comp. St. Ann. Supp. 1923, § 6287r). Further punishment is provided in the way of fine and imprisonment for violation of any of the provisions of the act. Section 9 of the original act, as amended (Comp. St. § 6287o).

The offense recited in the libel in the instant case as having been committed by Folker is plainly punishable by forfeiture of the drug, and by fine and imprisonment. It is claimed, however, that section 3450 should be considered as part of said Narcotic Act as amended by reason of the following clauses, contained in section 1 thereof:

"And all the provisions of existing laws relaitng to the engraving, issuance, sale, accountability, cancellation, and destruction of tax-paid stamps provided for in the internal revenue laws are, in so far as necessary, hereby extended and made to apply to stamps provided by this section."

"That all unstamped packages of the aforesaid drugs found in the possession of any person, except as herein provided, shall be subject to seizure and forfeiture, and all the provisions of existing internal revenue laws *relating to searches, seizures, and forfeitures of unstamped articles* are hereby extended to and made to apply to the articles taxed under this act and the persons upon whom these taxes are imposed."

It will be observed that these references, while not to specific sections by number, are to sections covering specific matters. The provisions as to forfeiture refer specifically to "forfeitures of unstamped articles." It is a rule of statutory construction that, where specific references are made in a statute to certain matters or subjects, other matters or subjects are excluded under the familiar maxim, "expressio unius, exclusio alterius." The application of the rule is important in the construction of statutes of the nature of the one here in question. See U. S. v. One Black Horse (D. C.) 129 Fed. 167, 170.

Furthermore, it is the rule that where a statute defines offenses and fixes punishments therefor, and a subsequent statute is enacted which includes within its scope the same offenses and imposes a different penalty, the later statute is held to supersede or repeal by implication, pro tanto, the former. The case of United States v. One Bay Horse and One Buggy (D. C.) 128 Fed. 207, is a good illustration of the rule. In that case it was attempted to make use of section 3450 to forfeit a horse and buggy found and used on certain premises where there had been a violation of the Oleomargarine Act (24 Stat. 209, c. 840 [Comp. St. §§ 5967, 5977, 6215–6232]). This statute provided for taxes upon the product, oleomargarine; it also made numerous other existing laws part of the oleomargarine act by reference; it also provided,

in case of violation of the act, fines and forfeitures of the product the factory, machinery, and other personal property used; but it made no specific reference to section 3450. It was held that the Oleomargarine Act was complete in itself, and that section 3450 did not apply. See, also, Tucker v. Grier, 160 Fed. 611, 87 C. C. A. 513.

A further application of the same rule is found in the case of Maresca v. U. S. (C. C. A.) 277 Fed. 727, where the act sought to be punished was an offense under the Lever Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115⅛e et seq.), and also under the War Prohibition Act (Comp. St. Ann. Supp. 1919, §§ 3115¹¹/₁₂f–3115¹¹/₁₂h). It was held that the latter statute, being later, controlled. It has also been held in a number of cases that, since the taking effect of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), provisions therein for forfeiture of vehicles used in illegally transporting intoxicating liquor have superseded or repealed by implication section 3450, so far as such offenses are concerned. One Ford Automobile v. U. S. (C. C. A.) 284 Fed. 823; Lewis v. United States (C. C. A.) 280 Fed. 5; McDowell v. United States (C. C. A.) 286 Fed. 521; One Big Six Studebaker v. U. S. (C. C. A.) 289 Fed. 256; United States v. One Haynes Auto (C. C. A.) 274 Fed. 926.

Similar applications of the same rule, but in reference to other statutes, are found in United States v. Yuginovich, 256 U. S. 450, 41 Sup. Ct. 551, 65 L. Ed. 1043; United States v. Stafoff, 260 U. S. 477, 43 Sup. Ct. 197, 67 L. Ed. 358; United States v. One Hudson Car (D. C.) 274 Fed. 473; United States v. One Ford (C. C. A.) 262 Fed. 374. Forfeitures in connection with the regulation of the sale and handling of narcotics have long been in vogue. In the Act of October 1, 1890, there are provisions for forfeiture of smoking opium seized. Similar provision is found in the Act of March 3, 1897. In the Act of February 9, 1909, it is provided that under certain circumstances the drugs shall be seized and destroyed; in the Act of January 17, 1914, there are provisions for the forfeiture of drugs seized, and also for the forfeiture of the vessel in which the drugs have been imported. In the Act of May 26, 1922, there are provisions for forfeiting the drugs seized. As already noted, forfeiture of the drugs is one of the penalties provided in the Act of December 17, 1914, as amended by the Act of February 24, 1919, and re-enacted in the Act of November 23, 1921.

In all this legislation, Congress has made no reference to section 3450, either by express mention or by reasonable implication. Furthermore, it is hard to suppose that Congress intended that narcotic drugs should be forfeited only after conviction of the person charged with the offense as is provided in the Act of December 17, 1914, as amended, and yet also intended that a vehicle used in committing the offense should be forfeited even before conviction. We think the fair inference from all the facts and circumstances is that Congress did not intend that section 3450 should be invoked in respect to the regulation of the manufacture, sale, possession, or handling of narcotic drugs.

It is, of course, within the power of Congress to make section 3450 applicable to the unlawful transportation of narcotics by specific legislation, as was done in case of certain laws relating to the manufacture

and taxation of and traffic in intoxicating liquors, which had been held by the Supreme Court in the Yuginovich Case to have been repealed by the National Prohibition Act; but in the present state of the legislation we hold, for the reasons given above, that section 3450 is not applicable to the facts in the case at bar.

Order affirmed.

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes