## UNITED STATES v. ONE STUDEBAKER ROADSTER, etc.

District Court, W. D. Pennsylvania. January 7, 1928.

No. 101.

John D. Meyer, U. S. Atty., Zeno Fritz, Asst. U. S. Atty., and Samuel W. Pringle, Asst. U. S. Atty., all of Pittsburgh, Pa.

Frank W. McKean, of Pittsburgh, Pa., for claimant.

GIBSON, District Judge. The acting agent in charge of the Narcotic Division at Pittsburgh has filed a petition wherein he alleges the seizure of a certain automobile from which a sale of narcotics had been made, and prays that this court adjudge the automobile to be forfeited to the United States, and that it be "turned over to the federal officers, to be used for official purposes only in the enforcement of the Harrison Anti-Narcotic Act, or the Narcotic Drug Import and Export Act, or disposed of in such other manner as this court may direct." The petition did not ask for the issuance of a monition and attachment, as does the ordinary libel, but asked for a rule upon the owner, from whom it had been taken, to show cause why it should not be condemned and confiscated to the use of the federal enforcement officers, etc. The petition was not filed as soon as possible after the seizure, but 43 days thereafter.

From the preceding statement it will appear that the procedure adopted was not in accordance with the ordinary libel practice in the condemnation of vehicles alleged to be forfeited under section 3450, R. S. (26 USCA § 1181). The owner of the seized automobile has appeared and answered, and has submitted himself to the judgment of the court, however, and consequently we are relieved of technical difficulty which might otherwise have required notice.

The part of the act of Congress under which condemnation is sought (section 1181 of title 26, U. S. Code (26 USCA § 1181, formerly 3450 R. S.), so far as material to the instant case, is as follows:

"Whenever any goods or commodities for or in respect whereof any tax is or shall be imposed, * * * are removed, or are deposited or concealed in any place, with intent to defraud the United States of such tax, or any part thereof, all such goods and commodities, * * * respectively, and every vessel, boat, cart, carriage, or other conveyance whatsoever, and all horses or other animals, and all things used in the removal or for the deposit or concealment thereof, respectively, shall be forfeited."

The petition alleges that the subject of it, the automobile, had been used in the removal, and for the deposit and concealment, of some five ounces of cocaine upon which the stamp tax had not been paid, with intent to defraud the United States of the tax. The facts upon which the present action is based are as follows:

One Clifford, a government agent, met Violetti, owner of the car, at a street corner in New Kensington, entered the car at Violetti's request, and, some little distance from the point of meeting, purchased some cocaine. Thereupon another government agent arrested Violetti and searched the car. Five ounces of cocaine, tax unpaid, were found upon the floor of the car in front of the driver's seat. The cocaine was in one-ounce tins, covered by a paper bag. Prior to the sale Violetti stated to Clifford that he sold narcotics in Pittsburgh, Erie, Youngstown, and other places.

From the foregoing statement it is plain that Violetti was engaged in the violation of the Harrison Anti-Narcotic Act of 1914 and its amendments (26 USCA §§ 211, 691–708). He was vending cocaine without paying the special tax, registering, etc., as required by the act. It may be that he should be presumed to have also intended to defraud the United States of the stamp tax on the cocaine in his possession, on the theory that his acts of peddling small quantities tended to prevent the government from following the product and collecting its tax. In view of the fact that the United States was entitled to receive the sum of only 5 cents as stamp tax upon the cocaine carried in his automobile, his intent to defraud of that tax could have occupied no prominent place in his mind. When we consider that the duty of affixing the tax stamp upon narcotics has been placed upon the importer, manufacturer, producer, or compounder, and not upon one who is but a vendor, we may doubt if any intent whatsoever as to stamp tax existed in his mind as he peddled the drug from his automobile.

However, we are not called upon to determine the weight of the presumption that one intends the natural results of his acts, as compared to the weight of the probable fact that he had no definite intent whatsoever in regard to the stamp tax, as our decision is founded upon our construction of the Harrison Act and its amendments. As we read that act, its provisions are inconsistent with those of section 3450, R. S., and consequently the last-named statute cannot be invoked in the enforcement of the Harrison Act. See United States v. Yuginovich, 256 U. S. 450, 41 S. Ct. 551, 65 L. Ed. 1043; United States v. Mangano, 299 F. 492 (C. C. A. 8th Cir.).

In argument, counsel for the petitioner has laid great stress upon the opinion of the court, by Mr. Justice Brandeis, in United States v. One Ford Coupé, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025, in his contention that section 3450, R. S., may be used in connection with the Harrison

Anti-Narcotic Act. In his argument he has recognized the fact that section 3450, R. S., was incorporated in the Prohibition Act only by virtue of the Willis-Campbell Act of 1921 (27 USCA § 3), which made applicable all internal revenue statutes not in direct conflict with the act, and has endeavored to parallel the Willis-Campbell Act by citing section 7 of the Narcotic Law (26 USCA § 703), which is as follows:

"That all laws relating to the assessment, collection, remission, and refund of internal-revenue taxes, including section thirty-two hundred and twenty-nine of the Revised Statutes of the United States, so far as applicable to and not inconsistent with the provisions of this act, are hereby extended and made applicable to the special taxes imposed by this act."

It will be noted that the section relates to the special taxes imposed by the act, not the tax upon the product. As we view the matter, the Harrison Anti-Narcotic Act is not parallel in all respects to the Prohibition Act (27 USCA) and the decision in United States v. One Ford Coupé, supra, does not rule the instant case.

Finding, as we do, that section 3450, R. S., is inconsistent with the provisions of the Narcotic Act, a forfeiture based upon an alleged interlocking relation between the two statutes cannot be sustained. The petition for condemnation will be dismissed, and the automobile will be ordered to be returned to the claimant. The reasons for the decision herein are, in substance, the same as set forth in the opinion in United States v. Mangano (C. C. A.) 299 F. 492.