### UNITED STATES v. ONE VICTORIA NASH COUPÉ, etc.

District Court W. D. Pennsylvania. January 25, 1929.

No. P–827.

John D. Meyer, U. S. Atty., and Zeno Fritz, Asst. U. S. Atty., both of Pittsburgh, Pa.

Sachs & Caplan and Abraham Pervin, all of Pittsburgh, Pa., for defendant.

McVICAR, District Judge. This case comes before us on a libel filed by William T. Duffy, federal narcotic agent of the United States, praying for a decree condemning and forfeiting one Victoria Nash coupé alleged to have been used in violation of section 1181 of title 26 of the United States Code (26 USCA § 1181), being section 3450, R. S. The evidence established the following facts:

That on April 16, 1928, the Warren-Nash Motor Corporation entered into a contract with one James Cusumano whereby the motor corporation, by conditional sale, sold to Cusumano a Victoria Nash coupé for the price of $2,070.13, upon which there was a cash payment of $637.09, the balance to be paid in 12 equal monthly payments of $119.42 each, the title to the car to remain with the motor corporation, or its assigns, until the entire price was paid. The motor corporation assigned all its interest in said contract to the C. I. T. Corporation, respondent. Possession of the car was given at the time of the sale to Cusumano. The contract gave the right to the motor corporation, or its assigns, to retake possession at any time, if the deferred installments were in arrears, or if the coupé was removed outside of the state of New York.

On August 19, 1928, Cusumano run said car from a point in the state of New York, to Springfield township, Erie county, Pennsylvania, en route to Detroit, Mich. A state policeman arrested Cusumano and found concealed in the aforesaid coupé, 400 ounces of opium and 25 ounces of morphine, not in the original packages, not stamped, nor the taxes paid thereon. The opium and morphine were concealed in the car for the purpose, inter alia, of defrauding the United

States of the tax imposed upon narcotics. The respondent had no knowledge that Cusumano was using the car in violation of the law, or that he had taken the car outside of the state of New York. Cusumano was also in arrears in the payment of installments due respondent under the conditional sale contract aforesaid. The state policeman, who seized the car, turned the same over to William T. Duffy, federal narcotic agent at Pittsburgh.

The government claims the right to have this car forfeited under section 1181 of title 26 of the United States Code (26 USCA § 1181), being section 3450, R. S. This section, so far as it is applicable, reads:

"Whenever any goods or commodities for or in respect whereof any tax is or shall be imposed, * * * are removed, or are deposited or concealed in any place, with intent to defraud the United States of such tax, or any part thereof, all such goods and commodities, * * * respectively, and every vessel, boat, cart, carriage, or other conveyance whatsoever, and all horses or other animals, and all things used in the removal or for the deposit or concealment thereof, respectively, shall be forfeited."

The government claims that this statute is applicable by reason of the provisions contained in section 7 of the Harrison Anti-Narcotic Law (26 USCA § 703), which reads:

"That all laws relating to the assessment, collection, remission, and refund of internal revenue taxes, including section thirty-two hundred and twenty-nine of the Revised Statutes of the United States, so far as applicable to and not inconsistent with the provisions of this Act, are hereby extended and made applicable to the special taxes imposed by this act."

This contention of the government is denied by the respondent, who alleges that the government cannot justify the seizure of the car, nor successfully claim a forfeiture under section 3450 aforesaid. The question, therefore, for decision in this case, is whether this section is applicable to the facts of this case. We see no reason for departing from the decision made by this court, adverse to the contention of the government, in the case of United States v. One Studebaker Roadster, No. 101 Misc. Docket, 31 F.(2d) 488, wherein Judge Gibson said:

"As we read that act, its provisions are inconsistent with those of section 3450, R. S., and consequently the last-named statute cannot be invoked in the enforcement of the Harrison Act. See United States v. Yuginovich, 256 U. S. 450, 41 S. Ct. 551, 65 L. Ed. 1043; United States v. Mangano, 299 F. 492 (C. C. A. 8 Cir.).

"In argument, counsel for the petitioner has laid great stress upon the opinion of the court by Mr. Justice Brandeis, in United States v. One Ford Coupé, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025, in his contention that section 3450, R. S., may be used in connection with the Harrison Anti-Narcotic Act. In his argument he has recognized the fact that section 3450, R. S., was incorporated in the Prohibition Act only by virtue of the Willis-Campbell Act of 1921 (27 USCA § 3), which made applicable all internal revenue statutes not in direct conflict with the act, and has endeavored to parallel the Willis-Campbell Act by citing section 7 of the Narcotic Law (26 USCA § 703), which is as follows: [Hereinbefore recited.]

"It will be noted that the section relates to the special taxes imposed by the act, not the tax upon the product. As we view the matter, the Harrison Anti-Narcotic Act is not parallel in all respects to the Prohibition Act (27 USCA), and the decision in United States v. One Ford Coupé, supra, does not rule the instant case.

"Finding, as we do, that section 3450, R. S., is inconsistent with the provisions of the Narcotic Act, a forfeiture based upon an alleged interlocking relation between the two statutes cannot be sustained. The petition for condemnation will be dismissed, and the automobile will be ordered to be returned to the claimant. The reasons for the decision herein are, in substance, the same as set forth in the opinion in United States v. Mangano (C. C. A.) 299 F. 492."

For the reasons given, the libel should be dismissed, and the Victoria Nash Coupé seized should be delivered to the respondent, the C. I. T. Corporation.

Let a decree be drawn accordingly.