[Civ. No. 30667. First Dist., Div. Two. Dec. 18, 1973.]

DONALD EDGAR et al., Plaintiffs and Appellants, v.
OAKLAND MUSEUM ADVISORY COMMISSION et al.,
Defendants and Respondents.

**COUNSEL**

Lempres, Duncan & Morgan and Roderic Duncan for Plaintiffs and Appellants.

Edward A. Goggin, City Attorney, David A. Self and William C. Sharp, Deputy City Attorneys, for Defendants and Respondents.

**OPINION**

**ROUSE, J.**—Plaintiffs, cochairmen of the Oakland Lawyers' Committee Project and residents of the City of Oakland, brought this action to obtain

declaratory and injunctive relief against the Oakland Museum Advisory Commission and the individual members of said body.

The facts disclosed by the record show that on February 17, 1970, an open, noticed special meeting of the Oakland Museum Advisory Commission was held, commencing at 8:30 a.m.; that at 9:15 a.m. the commission recessed its meeting and convened in an executive (closed) session to consider the selection of a chairman and vice-chairman to fill the unexpired terms of said offices for the remainder of the ensuing term ending June 30, 1970. The executive session was concluded approximately 30 minutes later, and the open meeting then reconvened, at which time Commissioner Lange advised that at the executive session he and Commissioner Gibson had been elected chairman and vice-chairman, respectively, for the remainder of the ensuing term, ending June 30, 1970. The minutes of the commission disclose that the election process was then repeated, in open session, and that said persons were unanimously elected to the offices indicated. The commission held a special, open and noticed meeting one week later, at which time the names of Lange and Gibson were again placed in nomination and they were again unanimously elected chairman and vice-chairman for the term previously indicated.

On July 2, 1970, their terms of office having expired, Lange and Gibson were again unanimously elected chairman and vice-chairman, respectively, for a one-year term. The July 2 meeting was open and had been duly noticed as a regular meeting.

Plaintiffs filed their complaint on July 29, 1970, challenging the validity of the election of officers of the commission on the grounds that said election originated in a secret meeting in violation of section 54950 et seq., of the Government Code.[1] By their action plaintiffs sought a judicial declaration that defendant commission was subject to section 54953 of the Government Code and that defendants Lange and Gibson could not legally act as chairman and vice chairman of said commission. Plaintiffs also sought an injunction permanently prohibiting defendants from excluding the public from any meeting held for the purpose of electing officers or conducting any other business proscribed by sections 54950 through 54960 of the Government Code.

In the trial court defendants moved for summary judgment based upon the pleadings and other records in the action, including the minutes of the

---

[1]The Ralph M. Brown Act, California's public meeting law, encompasses sections 54950 through 54960 of the Government Code.

commission's meeting held on February 17, February 24, and July 2, 1970. The trial court granted defendants' motion, concluding that, as a matter of law, the executive session held at the February 17 meeting was authorized by section 54957 of the Government Code; that even if said session was prohibited by section 54953 of the Government Code, defendants Lange and Gibson were duly and properly elected chairman and vice chairman, respectively, for the 1969-1970 term at the open portion of the February 17 meeting and at the February 24 meeting; that defendants Lange and Gibson were duly and properly elected to the same offices for the 1970-1971 term at the open meeting held on July 2, 1970; that defendants Lange and Gibson had at all times since February 17, 1970, been legally entitled to act as chairman and vice chairman of defendant commission; that plaintiffs' action had no merit.

Summary judgment was accordingly entered in favor of defendants and against plaintiffs. Plaintiffs filed notice of appeal from that judgment.

Plaintiffs raise two arguments on appeal: (1) that the special executive session held at the February 17 meeting did not fall within the Brown Act exemption for "the appointment of a public officer," and (2) that the wrongful taking of secret action by a public body such as defendant commission so infected that action that it could not be validated by subsequent confirmation in public. We conclude that plaintiffs' first contention is without merit, and thus need not reach the second.

Section 54953 of the Government Code provides that "All meetings of the legislative body of a local agency shall be open and public, and all persons shall be permitted to attend any meeting of the legislative body of a local agency, except as otherwise provided in this chapter."

Section 54957 of the Government Code provides, in pertinent part, that "Nothing contained in this chapter shall be construed to prevent the legislative body of a local agency from holding executive sessions . . . during a regular or special meeting to consider the appointment, employment or dismissal of a public officer . . . ."

█ Plaintiffs' sole argument relative to the alleged inapplicability of section 54957 of the Government Code is that the term "appointment," as used in that section, does not include the choosing by a public body of its own officers, but is intended only to refer to the action of such a body in appointing some person to a separate position or group. We cannot agree.

In the early case of *Wickersham* v. *Brittan* (1892) 93 Cal. 34 [28 P. 792], upon which plaintiffs themselves rely, it was held that the directors

of a corporation are *elected* by vote of the shareholders, but that the election of officers by the board of directors merely constitutes an *appointment*. The court stated, "The fact that the selection of the officer is made by ballot is not controlling. This is but a means that the appointing body may adopt for making its choice of the individual to be appointed, nor does a direction to the appointing body to 'elect' the one whom it will designate for the office require such election to be made by ballot, or render its act any the less an 'appointment.' [Citation.]" (P. 38.)

Plaintiffs' contention that section 54957 of the Government Code should be interpreted to permit executive sessions only when a public body is appointing some person to a separate position or group has been specifically rejected both by the Legislative Counsel for the state Legislature and by the Attorney General.

The Legislative Counsel has ruled that a closed executive session could properly be held by the governing board of a local legislative body to consider potential candidates for appointment to a vacancy on the board. The Legislative Counsel stated, "There is nothing in the provision authorizing executive sessions which makes any distinction between officers appointed by a legislative body over whom the body will have control and supervision, and officers appointed by a legislative body to fill vacancies in its own membership. The obvious purpose underlying the authority to hold such executive sessions is to permit complete freedom of discussion with the minimum of embarrassment both to the members of the legislative body and to the person being discussed by them, and this can best be achieved by excluding the public from the meeting. We have no doubt that the Legislature in authorizing executive sessions for consideration of personnel matters intended it to apply in cases of all officers or employees by legislative bodies." (Ops. Legislative Counsel No. 3782, to Hon. Ralph M. Brown, May 5, 1960.)

The Attorney General similarly held that a city council was entitled, under section 54957 of the Government Code, to fill a vacancy on the council at a closed, executive session. (40 Ops.Cal.Atty.Gen. 4.) ▇ This opinion, although not binding upon the courts, is entitled to great weight and was in fact cited with approval in the recent case of *Lucas* v. *Board of Trustees* (1971) 18 Cal.App.3d 988, 991-992 [96 Cal.Rptr. 431].)

▇ In the instant case, it is apparent that the trial court was correct in holding that the closed executive session held on February 17, 1970, was authorized under section 54957 of the Government Code and that

defendants Lange and Gibson were duly and properly selected as chairman and vice chairman of defendant commission.

The judgment is affirmed.

Taylor, P. J., and Kane, J., concurred.