[Civ. No. 41411. First Dist., Div. One. Aug. 2, 1978.]

COUNTY OF SAN MATEO, Plaintiff and Respondent, v.
BELMONT COUNTY WATER DISTRICT, Defendant and Appellant.

486

---

[redacted]

**COUNSEL**

Wilson, Jones, Morton & Lynch and Robert G. Auwbrey for Defendant and Appellant.

Keith C. Sorenson, District Attorney, and Thomas Daniel Daly, Deputy District Attorney, for Plaintiff and Respondent.

---

**OPINION**

**ELKINGTON, J.**—Voters within the area embraced by the Belmont County Water District (hereafter District) caused to be presented to the

San Mateo County Board of Supervisors a petition, under the District Reorganization Act of 1965 (Gov. Code, § 56000 et seq.; hereafter the Act), requesting that proceedings be initiated for the establishment of the District as a subsidiary district of the City of Belmont. The board of supervisors, according to the Act, thereafter ordered "the establishment of the . . . District as a subsidiary district of the City of Belmont subject to confirmation by a majority of the voters residing within the District at a special election . . . ." At the special election the board of supervisors' order was *not* confirmed by the required majority of the total number of votes cast. The County of San Mateo (hereafter County) thereupon presented to the District "a bill in the amount of $5,498.15 for services rendered by the County Clerk in connection with the election . . . ." The refusal of the District to pay the bill engendered the instant litigation.

The superior court entered summary judgment in favor of the County for the amount of its bill, and the District has appealed.

The agreed "issue to be determined by the court is whether or not the plaintiff County of San Mateo is required to pay . . . the election costs . . . ." The problem is one of statutory construction.

The parties are in agreement that Government Code section 56100 is the "directional statute" of the Act which points to the provisions of the Elections Code determining the here debated liability.

Government Code section 56100 provides: "Special elections called within all or any part of a city or resident-voter district shall be governed by the general elections provisions and the local election provisions of the Elections Code (so far as they may be applicable) relating to the qualifications of voters, the manner of voting, the form of the ballot, the duties of precinct and election officers, the canvassing of returns and all other particulars. To the extent of any inconsistency: (a) Between the general elections provisions and the local elections provisions of the Elections Code, local elections provisions shall control; and (b) Between the provisions of this division and the Elections Code, the provisions of this division shall control."

By its enactment of Government Code section 56100, rather than enact new, or repetitive, statutory provisions and procedures relating to the

Act's prescribed special elections, the Legislature patently chose to adopt by reference such portions of the Elections Code as were reasonably appropriate, and adaptable, to implementation of the Act's more general provisions.

Adverting further to Government Code section 56100, we observe that at issue in the case before us is a special election "called within all or any part of a . . . resident-voter district . . . ." ■ We therefore look to "the general elections provisions and the local election provisions of the Elections Code (so far as they may be applicable)" to determine the "particulars" of the Act's provisions and procedures relating to liability for the costs of a special election under the Act. And in doing so "the local elections provisions of the Elections Code . . . shall control" over that code's general provisions.

Our attention is invited to, and we ourselves have found, only two such debatably relevant provisions. They are Elections Code sections 10000 and 23524. The District relies upon the former section, and the County upon the latter.

We first consider Elections Code section 10000. It provides in relevant part:

"All expenses, authorized and necessarily incurred in the preparation for and conduct of elections as provided in this code, shall be paid from the several county treasuries, except that when an election is called by the governing body of a city, the expenses shall be paid from the treasury of the city."

This statute deals with election expenses generally; it is therefore a "general elections provision" as the term is used in Government Code section 56100, and the District so concedes. If inconsistent with ". . . local elections provisions of the Elections Code, local elections provisions shall control; . . ." (Gov. Code, § 56100, subd. (a).)

We look to the remaining Elections Code section of our concern, section 23524. It states:

"Each district involved in a general district election in an affected county shall reimburse such county for the actual costs incurred by the

county clerk thereof in conducting the general district election for that district. The county clerk of the affected county shall determine the amount due from each such district and shall bill each such district accordingly."

Elections Code section 23524 refers *only* to "district" elections such as that of the case at bench. It thus is a "local elections provision," within the meaning of Government Code section 56100, subdivision (a), and it therefore "shall control" over the inconsistent Elections Code section 10000.

It follows that the applicable statute is Elections Code section 23524, which provides that the actual costs of a district election shall be borne by the district, and not the county in which the district is located. The summary judgment of the superior court was thus in accordance with law, and without error.

The District correctly emphasizes that the Act's Government Code section 56100 says that the local elections provisions of the Elections Code will govern district reorganization *only* "so far as they may be applicable . . . ." It points out that the Act concerns *only* district reorganization, a subject generally, if not entirely, left uncovered by the Elections Code. It follows, it is argued, that "[e]ven a cursory examination of the multitude of provisions of said law [i.e., the Uniform District Election Law, in which Elec. Code, § 23524, is found] show that they in no way could be applicable to an election such as that now before the Court."

The argument seems to be that only Elections Code provisions *expressly* relating to *district reorganization elections* can be *applicable* to the Government Code's District Reorganization Act of 1965, or as we here term it, the Act. The District misapprehends the patently intended meaning of Government Code section 56100's phrase "so far as they may be applicable . . . ." As pointed out, the Elections Code's provisions and procedures will be "applicable" where appropriate and reasonably adaptable to implementation of the Act's more general provisions. The legislative purpose was that the Act's elections be governed in all respects as nearly as practicable in conformity with the election laws of the state, as set forth in the Elections Code.

We have, of course, considered the District's argument that it had not requested the election which, it says, was held "not to confirm District Board action, but rather, County Board action"; and that accordingly the election may not reasonably be deemed to have been a District election. But we observe that the County's board of supervisors were required by law to conduct the election. On the other hand, the petition for establishment of the District as a subsidiary district was prepared, circulated and filed by voters of the District. The election was held within, and its ballots were cast by voters of, the District; it settled a dispute of concern only to the District and persons living within its boundaries. And the County, and its residents and taxpayers outside of the District's geographical limits, received no discernable benefit from the election. By any test of reason the election must be deemed to have been in the nature of a local district election.

Further, it will be noted that the coverage of Elections Code section 23524 is not limited to elections *called* by a district, or its board. It concerns "[e]ach district *involved* in a general district election . . . ." (Italics added.) By any test of reason the District was "involved" in the election with which we are here concerned.

We also note that the costs of such an election by, or concerning, a lesser public entity such as a water district or a city appear traditionally to have been a charge against the local entity, and not the county. An earlier County water district law provided that the costs of a water district's elections "shall be borne by the district." (Stats. 1949, ch. 274, [Elec. Code] § 30704, p. 503.) The same policy that a local entity's election shall be at its own expense is exemplified by Elections Code section 10000 here relied upon by the District; as to elections called by the governing body of a city, "the expenses shall be paid from the treasury of the city." And even where a single election concerns the affairs of both a county and a local district it is held by executive authority of "great weight" (see *Edgar v. Oakland Museum Advisory Com.,* 36 Cal.App.3d 73, 77 [111 Cal.Rptr. 364]) that the costs shall be shared between the two in some equitable manner (see 36 Ops.Cal.Atty.Gen. 224). And in such a situation, we held in *County of Contra Costa* v. *East Bay Municipal Util. Dist.,* 229 Cal.App.2d 556, 570 [40 Cal.Rptr. 495], that "the apportionment of the costs of the respective elections [should be] fair and equitable."

For these several reasons the summary judgment of the superior court will be affirmed.

The summary judgment is affirmed.

Racanelli, P. J., and Newsom, J., concurred.