TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 97-414 |
| of | : | |
| | : | November 10, 1997 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY Da VIGO | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE MIKE THOMPSON, MEMBER OF THE CALIFORNIA STATE SENATE, has requested an opinion on the following question:

Where the board of trustees of a school district has formed a committee, known as the district liaison council, consisting of eight representatives from the community, seven employees of the district, and one student, to interview candidates for the office of district superintendent and to make a recommendation to the board, are the sessions of the committee held to perform such delegated duties required to be open to members of the public?

CONCLUSION

Where the board of trustees of a school district has formed a committee, known as the district liaison council, consisting of eight representatives from the community, seven employees of the district, and one student, to interview candidates for the office of district superintendent and to make a recommendation to the board, the sessions of the committee held to perform such delegated duties are not required to be open to members of the public.

ANALYSIS

We are advised that a school district's board of trustees ("board") has formed a committee, known as the district liaison council ("council"), to interview candidates for the office of district superintendent and to make a recommendation to the board. The council consists of eight representatives from the community, seven employees of the district, and one student. We are asked to determine whether the sessions of the council held to perform its delegated duties must be open to members of the public. We conclude that the council's sessions may be closed to members of the public.

In addressing the issues presented, we will examine the open meeting requirements of the

Ralph M. Brown Act (Gov. Code, §§ 54950-54962; "Act") **Footnote No. 1** applicable to "legislative bodies" of "local agencies." Section 54953, subdivision (a) provides:

> "All meetings of the legislative body of a local agency shall be open and public, and all persons shall be permitted to attend any meeting of the legislative body of a local agency, except as otherwise provided in this chapter."

A school district is a "local agency" as defined in section 54951:

> "As used in this chapter, `local agency' means a county, city, whether general law or chartered, city and county, town, school district, municipal corporation, district, political subdivision, or any board, commission or agency thereof, or other local public agency."

Not only is a board of trustees of a school district a "legislative body," so also may be a committee formed by a board of trustees. The term "legislative body" is defined in pertinent part in subdivision (b) of section 54952 as follows:

> "A commission, committee, board, or other body of a local agency, whether permanent or temporary, decision making or advisory, created by charter, ordinance, resolution, or formal action of a legislative body. However, advisory committees, composed solely of the members of the legislative body which are less than a quorum of the legislative body are not legislative bodies, except that standing committees of the legislative body, irrespective of their composition, which have a continuing subject matter jurisdiction, or a meeting schedule fixed by charter, ordinance, resolution, or formal action of a legislative body are legislative bodies for purposes of this chapter."

Here, inasmuch as the council was created by formal action of the board, and is not composed of any members of the board, it is a "legislative body" for purposes of the Act. (See *Joiner* v. *City of Sebastopol* (1981) 125 Cal.App.3d 799, 803-805; compare, 68 Ops.Cal.Atty.Gen. 34, 36 (1985).) **Footnote No. 2** Accordingly, the meetings of the council must be open to members of the public as required by the Act. Although the council's meetings must be convened in open session, what does the Act mandate with respect to the council's delegated duties of interviewing candidates for the office of district superintendent and discussing and arriving at a recommendation to be made to the board?

> Section 54957 provides:

> "Nothing contained in this chapter shall be construed to prevent the legislative body of a local agency . . . from holding closed sessions during a regular or special meeting to consider the appointment, employment, evaluation of performance, discipline, or dismissal of a public employee. . . .

> "For purposes of this section, the term `employee' shall include an officer or an independent contractor who functions as an officer or an employee but shall not include any elected official, member of a legislative body or other independent contractors. . . ."

We first address the issue whether the phrase "to consider the appointment" includes the interviewing of candidates, reviewing resumes, discussing qualifications, and arriving at a decision prior to the actual appointment. The purposes for holding closed sessions under the terms of section 54957 are to foster candid discussions by members of the legislative body concerning the qualifications of staff or prospective staff members without subjecting the latter to public embarrassment. (See *San Diego Union* v. *City Council* (1983) 146 Cal.App.3d 947, 955; *Edgar* v. *Oakland Museum Advisory Com.* (1973) 36 Cal.App.3d 73, 76-77; 78 Ops.Cal.Atty.Gen. 218, 221 (1995); 63 Ops.Cal.Atty.Gen. 153, 155 (1980); 61 Ops.Cal.Atty.Gen. 283, 291

(1978).) These purposes would be served by allowing closed sessions for interviewing candidates, reviewing resumes, discussing qualifications, and arriving at a decision prior to the actual appointment. (See *Joiner* v. *City of Sebastopol*, *supra*, 125 Cal.App.3d at 801; 78 Ops.Cal.Atty.Gen., *supra*, at 222; 75 Ops.Cal.Atty.Gen. 14, 18-19 (1992); 68 Ops.Cal.Atty.Gen., *supra*, at 36.) **Footnote No. 3**

Thus, the board, as the appointing body, would be entitled to hold closed sessions in interviewing candidates and reaching a decision when appointing a district superintendent. Do the terms of section 54957 extend to committees with no powers of appointment? In 67 Ops.Cal.Atty.Gen. 112, 115-117 (1984), we concluded that when an advisory committee is conferring with counsel "in the proper course of its duties," it is entitled to meet in closed session under the Act's pending litigation exception. Similarly, here, as long as the purposes of section 54957 are served, we believe that its provisions extend to committees that are duly constituted and performing properly delegated duties that would otherwise be covered by the statutory language. In the present situation, it is undisputed that the council has been duly constituted as a committee; the council has also been delegated the duties that would otherwise be covered by the terms of section 54957.

Finally, we note that a district superintendent is an "employee" under the terms of section 54957. (See also *Lucas* v. *Board of Trustees* (1971) 18 Cal.App.3d 988, 990; 50 Ops.Cal.Atty.Gen. 532 (1976).) **Footnote No. 4**

Hence, the council's sessions held to interview candidates for the office of district superintendent and to arrive at a recommendation for the board come within the closed session provisions of section 54957. This conclusion is not inconsistent with our conclusion in 46 Ops.Cal.Atty.Gen. 34 (1965), in which we determined that a closed session may not be held where selected members of the public are allowed to attend. (*Id.*, at p. 35.) In the matter presently considered, no "members of the public" will be in attendance, only members of the legislative body itself and the candidates for the office of district superintendent. **Footnote No. 5**

We conclude that where the board of trustees of a school district has formed a committee, known as the district liaison council, consisting of eight representatives from the community, seven employees of the district, and one student, to interview candidates for the office of district superintendent and to make a recommendation to the board, the sessions of the committee held to perform such delegated duties are not required to be open to members of the public. Such closure allows the council members to candidly question the candidates as to their qualifications and to freely discuss each's qualifications without subjecting the candidates to public embarrassment.

\* \* \* \* \*

**Footnote No. 1**
Undesignated section references herein are to the Government Code. **Return to text**
**Footnote No. 2**
In *Joiner* v. *City of Sebastopol*, *supra*, 125 Cal.App.3d 799, the court considered whether a particular advisory committee was a "legislative body." Here, the council is a "legislative body" without question. **Return to text**
**Footnote No. 3**
The Act has special rules for discussing the compensation of officers and employees. (See §§ 54957, 54957.6.) **Return to text**
**Footnote No. 4**
In 68 Ops.Cal.Atty.Gen. 34, *supra*, we addressed the distinction between an officer and an employee for purposes of the open meeting laws then applicable to state agencies. Here, it must be conceded that the district superintendent is an "employee" for purposes of the Act. **Return to text**
**Footnote No. 5**
It may also be observed, for example, that witnesses may attend closed sessions to present factual information to the legislative body; they would not be present as "members of the public" but rather as percipient witnesses. **Return to text**

[**Return to the 1997 Published Opinion Page**](#)
[**Return to the Opinion Unit's Home Page**](#)
[**Return to the Attorney General's Home Page**](#)