BILL LOCKYER Attorney General SUSAN DUNCAN LEE Deputy Attorney General
THE HONORABLE THOMAS F. CASEY, III, COUNTY COUNSEL, COUNTY OF SAN MATEO, has requested an opinion on the following question:
Does a county treasurer's duty to nominate members of a county treasury oversight committee extend to persons already designated to be members of the committee by virtue of their office or through selection by another public official or government body?
 CONCLUSION
A county treasurer's duty to nominate members of a county treasury oversight committee extends to persons already designated to be members of the committee by virtue of their office or through selection by another public official or government body, but the duty constitutes a ministerial act not involving the exercise of discretion with respect to these nominees.
 ANALYSIS
In 1995, shortly after County of Orange and the Orange County Investment Pool declared bankruptcy, the Legislature enacted several laws governing the investment of funds belonging to local government agencies. Among them were Government Code sections 27130-27137[1], which authorized the creation of county treasury oversight committees. (See 80 Ops.Cal.Atty.Gen. 60, 61 (1997).) Section27131 states:
 "The board of supervisors in each county or city and county shall, if the county or city and county is investing surplus funds, establish a county treasury oversight committee. The board of supervisors, in consultation with the county treasurer, shall determine the exact size of the committee, which shall consist of from 3 to 11 members, and the categories from which the members shall be represented, as specified in subdivisions (a) to (g), inclusive, of Section 27132. Members shall be nominated by the treasurer and confirmed by the board of supervisors."
Section 27132 in turn provides:
 "The county treasury oversight committee, pursuant to Section 27131, shall consist of members appointed from the following:
"(a) The county treasurer.
 "(b) The county auditor, auditor-controller, or finance director, as the case may be.
 "(c) A representative appointed by the county board of supervisors.
"(d) The county superintendent of schools or his or her designee.
 "(e) A representative selected by a majority of the presiding officers of the governing bodies of the school districts and community college districts in the county.
 "(f) A representative selected by a majority of the presiding officers of the legislative bodies of the special districts in the county that are required or authorized to deposit funds in the county treasury.
"(g) Up to five other members of the public.
 "(1) A majority of the other public members shall have expertise in, or an academic background in, public finance.
 "(2) The other public members shall be economically diverse and bipartisan in political registration."
The purposes of a county treasury oversight committee are spelled out in section 27130:
 "The Legislature finds and declares that local agencies, including school districts, should participate in reviewing the policies that guide the investment of those funds. The Legislature further finds and declares that by pooling deposits from local agencies and other participants, county treasuries operate in the public interest when they consolidate banking and investment activities, reduce duplication, achieve economies of scale, and carry out coherent and consolidated investment strategies. The Legislature further finds and declares that the creation of county treasury oversight committees will promote the public interest by involving depositors in the management of their funds and by enhancing the security and investment return on their funds by providing a more stable and predictable balance for investment by establishing criteria for the withdrawal of funds."
We are informed that a county board of supervisors, in consultation with the county treasurer, has established a county treasury oversight committee consisting of eight members, four of whom represent the categories of subdivisions (b), (c), (d), and (e) of section 27132
and four of whom are "other members of the public" under subdivision (g). With respect to the four public members, it is evident that the county treasurer has wide discretion in selecting qualified persons to be nominated by him and confirmed by the board of supervisors. Regarding the other categories, however, does the treasurer have the responsibility to nominate the individuals from these categories, and if so, is any exercise of discretion allowed in submitting these nominations to the board of supervisors? We conclude that the treasurer has the authority to nominate the members of the committee who are designated by reference to their offices or selected by other specified officials, but that submitting these nominations to the board of supervisors constitutes a ministerial act not involving the exercise of discretion.
In a question of statutory interpretation, like this one, the analysis begins with the plain language of the statute. We are to ascertain the intent of the Legislature so as to effectuate the purpose of the law, and the statute's words are generally the most reliable indicator of the Legislature's intent. (People v. Gardeley (1996) 14 Cal.4th 605, 621;People v. Jenkins (1995) 10 Cal.4th 234, 246.) Further, since section27131 and the related statutes supply no special definitions for their terms, we look to the usual, ordinary meaning of the words used by the Legislature in order to understand them. (See Adoption of Kelsey S.
(1992) 1 Cal.4th 816, 826.)
A common definition of the word "nominate" is "to propose by name for office as a preliminary to appointment upon approval or confirmation by some person or body." (Webster's 3d New Internat. Dict. (1993) p. 1534.) A nomination thus identifies a person individually by name and connotes a provisional quality. It generally requires some other act, such as an election or consent by a legislative body, before the nominee's entrance into the proposed position becomes official.
Here, under the terms of section 27132, certain persons have already been identified for membership on a county treasury oversight committee by virtue of holding a particular office or by having been selected by a designated group prior to any possible "nomination" by the treasurer. Nevertheless, section 27131 unequivocally states that "[m]embers shall be nominated by the treasurer and confirmed by the board of supervisors." The statute does not say "only the public members shall be nominated. . . ." It is a cardinal rule of statutory construction "that a statute `. . . is to be interpreted by the language in which it is written, and the courts are no more at liberty to add provisions to what is therein declared in definite language than they are to disregard any of its express provisions.' [Citation.]" (Wells Fargo Bank v.Superior Court (1991) 53 Cal.3d 1082, 1097.)
Accordingly, a plain reading of section 27131 supports the conclusion that the Legislature intended for a county treasurer to nominate all members of a county treasury oversight committee for confirmation by the board of supervisors.
We find nothing particularly incongruous in having the treasurer nominate and the board of supervisors confirm those members of a county treasury oversight committee who have already "qualified" for membership on the committee by virtue of their office or being selected by others. Nomination and confirmation provide an official imprimatur for each of these members, just as it does for the "other public members" of the committee. Moreover, their nomination and confirmation bring the identities of these committee members to the public's attention and gives the board of supervisors an opportunity to review its determinations regarding the size of the committee and the categories from which the members are to be selected.
Of course, the treasurer has no discretion to deviate from the categories chosen for representation by the board of supervisors. Under the express language of section 27131, the treasurer is limited to consulting with the board of supervisors at the time the board chooses the possible categories for representation. Any attempt by the treasurer to thwart the will of the board of supervisors with respect to the categories selected would violate the terms of the statute and, consequently, would be invalid. (See Ward v. Superior Court (1997)55 Cal.App.4th 60, 64-66; 85 Ops.Cal.Atty.Gen. 181, 184-185 (2002); 82 Ops.Cal.Atty.Gen. 107, 108-109 (1999); 68 Ops.Cal.Atty.Gen. 223, 224-225 (1985); 65 Ops.Cal.Atty.Gen. 321, 324-325 (1982); 62 Ops.Cal.Atty.Gen. 504, 505 (1979).)
Hence, the treasurer's role in nominating persons to represent the categories specified in subdivisions (a) through (f) of section27131, as determined by the board of supervisors, is a ministerial one rather than one involving the exercise of discretion. In Rodriguezv. Solis (1991) 1 Cal.App.4th 495, 501-502, the court explained the difference between a ministerial act and the exercise of discretionary authority:
 "A ministerial act is an act that a public officer is required to perform in a prescribed manner in obedience to the mandate of legal authority and without regard to his own judgment or opinion concerning such act's propriety or impropriety, when a given state of facts exists. Discretion, on the other hand, is the power conferred on public functionaries to act officially according to the dictates of their own judgment. [Citation.]"
As explained above, "nominate" does not necessarily connote the exercise of discretion and thus may constitute a ministerial act. It may be limited to identifying the nominee by name and putting the nominee forward for a position. (See Wickersham v. Brittan (1892) 93 Cal. 34,38; Edgar v. Oakland Museum Advisory Com. (1973) 36 Cal.App.3d 73, 77.) What is essential to the act of submitting a nomination is the quality of being provisional. (See, e.g., Gillespie v. San Francisco Pub. LibraryCom. (1998) 67 Cal.App.4th 1165, 1171; Harrington v. Pardee (1905)1 Cal.App. 278, 279.)
We conclude that a county treasurer's duty to nominate members of a county treasury oversight committee extends to persons already designated to be members of the committee by virtue of their office or through selection by another public official or government body, but the duty constitutes a ministerial act not involving the exercise of discretion with respect to these nominees.
[1] All further references to the Government Code are by section number only.